David C. Johnston (SBN 71367)
Attorney at Law
1600 G Street, Suite 102
Modesto, California 95354
Telephone: (209) 579-1150
FAX: (209) 900-9199

Attorney for Debtor
Jennifer Ann Wheeler

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

In re

Jennifer Ann Wheeler,
fka Jennifer Ann Lugo,
fka Jennifer Ann Betencourt,

    Debtor.
_____/

Case No. 23-90374

Chapter 13 Case

D.C. No. DCJ-1

Hearing: September 12, 2023
Time: 1:00 p.m.
Place: Courtroom
    1200 I Street, Suite 200
    Modesto, California

## DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY

Jennifer Ann Wheeler (the "Debtor") moves the Court for an order pursuant to 11 United States Code § 362(c)(3)(B) extending the automatic stay as to all creditors, and in support of this motion, respectfully represents:

    1. The Debtor filed the present Chapter 13 petition in this Court on August 14, 2023.

    2. Within the one year period preceding the petition in this case, the Debtor was also the debtor in one other Chapter 13 case which was assigned case number 23-90327. The prior petition was filed on July 20, 2023 and was dismissed 19 days later on August 8, 2023. The dismissal was based solely on the failure of the Debtor's attorney to file the remaining

Debtor's Motion to Extend Automatic Stay         Page 1

"new case" documents, all of which had been prepared timely but not filed due to mistake on the attorney's part. After the Debtor's attorney prepared the schedules, statement of financial affairs, means test, and Chapter 13 plan, he thought he had emailed them to the Debtor for review and signatures. In fact, he had forgotten to click "send" due to an interruption. He was waiting for the signed documents to come back from the Debtor before he could file them. In the meantime, the prior case was dismissed for failure to file the documents. At that point, the Debtor's attorney discovered the unsent email and immediately notified the Debtor of the problem, agreeing to pay the filing fee for a new petition and waiving any new retainer.

3. The automatic stay as to the Debtor in the present case will expire on September 13, 2023, which is 30 days after the petition date unless the Court extends it upon a demonstration that the present case was filed in good faith. 11 U.S.C. § 362(c)(3)(B).

4. The presumption that the present case was filed in bad faith is not applicable under 11 U.S.C. § 362(c)(3)(C)(i)(II)(aa) because dismissal of the prior case was due to the negligence of the Debtor's attorney rather than any conduct or omission of the Debtor. In any event, the presumption may be rebutted by clear and convincing evidence. 11 U.S.C. § 362(c)(3)(B).

5. As set forth in the accompanying declaration, the Debtor's first payment had not yet come due when the prior case was dismissed, the meeting of creditors had not yet been scheduled, creditors had not yet been notified of the petition, no proofs of claim were filed, and no creditors were prejudiced by the filing of the prior petition which only lasted 19 days from July 20, 2023 to August 8, 2023.

6. There was no foreclosure pending when the prior petition was filed and creditors were never notified of the automatic stay nor delayed in any way.

7. The Debtor's present case was filed in good faith to deal with substantial debts incurred by her former husband, generally without her knowledge. In the present case, all required documents, including schedules, statement of financial affairs, means test, and

Chapter 13 plan, were filed on the petition date. As of today, the Court has not yet scheduled the meeting of creditors nor advised creditors of the automatic stay. No proofs of claim have been filed.

    8.  No creditors will be prejudiced by extending the automatic stay. The prior case, like this one, was a Chapter 13 case and could have lasted for five years through July of 2028.  Instead, it lasted 19 days and creditors were not aware of it.

    WHEREFORE, Jennifer Ann Wheeler, the Debtor, prays that the Court extend the automatic stay as to all creditors.

Dated: August 28, 2023.

Respectfully submitted,

*/s/ David C. Johnston*

_____
David C. Johnston
Attorney for Debtor
Jennifer Ann Wheeler

Debtor's Motion to Extend Automatic Stay      Page 3